# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
### www.flmb.uscourts.gov

| | |
|---|---|
| **IN RE** | **CASE NO.: 6:20-bk-02684-LVV** |
| **DM WORLD TRANSPORTATION,** | **Chapter 11** |
| Debtor. | |
| | **ADV. NO.** |
| **MARK C. HEALEY, Liquidating Agent** | |
| Plaintiff, | |
| v. | |
| **PCS SOFTWARE, INC.,** | |
| Defendant. | |

## ADVERSARY COMPLAINT

**MARK C. HEALY**, (the "**Plaintiff**" or "**Liquidating Agent**"), pursuant to 11 U.S.C. §§ 502, 544, 547, and 550 of the United States Bankruptcy Code and Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure, hereby files this Complaint ("the "**Complaint**") against **PCS SOFTWARE, INC.** ("**PCS**" or "**Defendant**") to avoid and recover preferences, in support thereof, alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(F).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

4. All conditions precedent to the filing of this action have been performed, waived, satisfied, or have occurred.

## PARTIES AND FACTUAL BACKGROUND

5. On May 12, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

6. The Debtor is a Florida limited liability company with its principal place of business located at 450 S. Ronald Reagan Blvd. Longwood, FL 32750.

7. PCS is a foreign corporation located in Houston, Texas.

8. This Court confirmed the Debtor's Plan of Reorganization on September 17, 2020. The Debtor's Plan, among other things, provided for a Liquidating Trust. All claims and causes of action held by the Debtor were conveyed to the Liquidating Trust to be pursued on behalf of the Debtor's creditors, who are the beneficiaries of the Liquidating Trust.

9. Mark C. Healey of Michael Moecker and Associates Inc. was selected as the Liquidating Agent.

10. The Liquidating Agent, through undersigned counsel, sent a Notice of Intended Litigation to PCS on December 14, 2020, advising PCS of this imminent action. PCS did not respond.

## PREFERENCE PAYMENTS

11. Prior to the Petition Date, Defendant received payments from the Debtor totaling **$43,350.00**, including but not necessarily limited to those detailed in **Exhibit "A"** attached to this Complaint, which are at issue in this case (collectively, the "Preference Payments" and each a "Payment"). **Exhibit "A"** identifies, among other things: (i) each payment made by the Debtor; (ii) the date on which each Payment was made; and (iii) the amount of each Payment.

## COUNT I:
## AVOIDANCE OF PREFERENCE PAYMENTS

12. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. On or within the ninety (90) day period immediately preceding the Petition Date (the "Preference Period"), Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposits or otherwise to certain entities, including the Defendant.

14. During the Preference Period, the Debtor transferred property to the Defendant in an amount not less than **$43,350.00**.

15. Specifically, the Preference Payments were made by Debtor to Defendant in nine separate transactions on the following dates:

(a) February 14, 2020 in the amount of $2,000.00;

(b) February 28, 2020 in the amount of $5,000.00;

(c) March 2, 2020 in the amount of $2,000.00;

(d) March 3, 2020 in the amount of $2,000.00;

(e) March 4, 2020 in the amount of $2,000.00;

(f) March 5, 2020 in the amount of $2,000.00;

(g) March 6, 2020 in the amount of $2,000.00;

(h) March 9, 2020 in the amount of $2,001.00;

(i) March 10, 2020 in the amount of $2,000.00;

(j) March 11, 2020 in the amount of $2,004.00;

(k) March 13, 2020 in the amount of $2,095.00;

(l) March 13, 2020 in the amount of $2,000.00;

    (m)  March 16, 2020 in the amount of $2,000.00;

    (n)  March 17, 2020 in the amount of $2,010.00;

    (o)  March 18, 2020 in the amount of $2,005.00;

    (p)  March 19, 2020 in the amount of $2,185.00;

    (q)  March 23, 2020 in the amount of $2,000.00;

    (r)  April 20, 2020 in the amount of $1,000.00;

    (s)  April 21, 2020 in the amount of $1,000.00;

    (t)  April 22, 2020 in the amount of $1,001.00;

    (u)  April 24, 2020 in the amount of $1,000.00;

    (v)  April 28, 2020 in the amount of $1,049.00; and

    (w)  May 6, 2020 in the amount of $1,000.00.

Attached here as **Exhibit "A"** and incorporated herein by reference is a list of the Preference Payments presently known to Plaintiff to have been made by Debtor to Defendant.

16. The Defendant was a creditor, within the meaning ascribed under Section 101(10)(A) of the Bankruptcy Code, of the Debtor at the time each Payment was made. The Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

17. Each Preference Payment constituted a transfer of interest of the Debtor in property.

18. Each Preference Payment was made on or within the ninety-day period immediately preceding the Petition Date.

19. Each Preference Payment was made to or for the benefit of the Defendant, within the meaning of Section 547(b)(1) of the Bankruptcy Code, because each Preference Payment either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

20. Each Preference Payment was made for, or on, account of an antecedent debt owed by the Debtor to the Defendant before such Preference Payment was made.

21. The Debtor was insolvent throughout the Preference Period.

22. Each Preference Payment enabled the Defendant to receive more than it would receive if (a) the Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code; (b) such Preference Payment had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. Debtor has conducted reasonable due diligence in the circumstances of this case and has considered all reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code.

24. By reason of the foregoing, the Plaintiff may avoid the Preference Payments as preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, the Plaintiff respectfully requests that the Court grant and enter judgment against the Defendant: (A) declaring that the Preference Payments were preferences pursuant to Section 547(b) of the Bankruptcy Code; (B) avoiding the Preference Payment to the Defendant in violation of Section 547(b) of the Bankruptcy Code; (C) requiring the Defendant to repay to the Plaintiff the Preference Payments made to the Defendant for the benefit of the Debtor's estate and its creditors; (D) disallowing any claim(s) that the Defendant may have against the Debtor's estate until such time as the Defendant makes payment on the Preference Payment as provided in Bankruptcy Code § 502(d); (E) disallowing any claim(s) held by the Defendant in accordance with Bankruptcy Code § 502(j); and (F) granting such other and further relief as the Court deems just and proper.

**COUNT II:**
**RECOVERY OF AVOIDED TRANSFERS OF PROPERTY**

25. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 11 of the Complaint as if fully stated herein.

26.     As set forth above, the Preference Payments are avoidable pursuant to 11 U.S.C. §§ 544, 547, and 550 of the Bankruptcy Code.

27.     The Defendant is the initial transferee of the avoidable Preference Payments.

28.     In all instances and at all relevant time periods, Defendant was the person for whose benefit such avoidable Preference Payment were made.

29.     The Plaintiff is entitled to recover all avoided transfers from the Defendant (or the value thereof) as the Defendant is the initial transferee of the Preference Payment and the entity for whose benefit the Preference Payments were made.

**WHEREFORE**, based on the foregoing, the Plaintiff respectfully requests that the Court grant and enter judgment against the Defendant: (A) declaring the Defendant to be the initial transferee of the Preference Payment and the entity for whose benefit the Preference Payments were made; (B) directing the Defendant to turn over to the Plaintiff the Preference Payments, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law; (C) disallowing any claim(s) that the Defendant may have against the Debtor's estate until such time as the Defendant makes payment on the Preference Payment as provided in Bankruptcy Code § 502(d); (D) disallowing any claim(s) held by the Defendant in accordance with Bankruptcy Code § 502(j); and (E) granting such other and further relief as may be just and proper.

## **RESERVATION OF RIGHT TO AMEND**

During the course of this Adversary Proceeding, the Liquidating Agent may learn (through discovery or otherwise) of additional avoidable transfers or causes of action. As such, the Liquidating Agent reserves its right to amend this Complaint to include: (i) additional causes of action; (ii) further information regarding the Preference Payments; (iii) additional Payments; (iv)

modifications of and/or revisions to Defendant's name, and/or (v) additional defendants, that may become known and to request the Amendments relate back to this original Complaint.

**RESPECTFULLY SUBMITTED** this 18th day of March, 2021.

/s/ Justin M. Luna
Justin M. Luna, Esq.
Florida Bar No. 0037131
jluna@lathamluna.com
Benjamin Taylor, Esq.
Florida Bar No. 1024101
btaylor@lathamluna.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Tel: (407) 481-5800
Fax: (407) 481-5801
*Attorneys for Liquidating Agent*

## EXHIBIT "A"

### (Preference Payments)

| Date of Payment | Method of Payment | Amount of Payment |
|---|---|---|
| February 14, 2020 | Direct Payment | $2,000.00 |
| February 28, 2020 | Direct Payment | $5,000.00 |
| March 2, 2020 | Direct Payment | $2,000.00 |
| March 3, 2020 | Direct Payment | $2,000.00 |
| March 4, 2020 | Direct Payment | $2,000.00 |
| March 5, 2020 | Direct Payment | $2,000.00 |
| March 6, 2020 | Direct Payment | $2,000.00 |
| March 9, 2020 | Direct Payment | $2,001.00 |
| March 10, 2020 | Direct Payment | $2,000.00 |
| March 11, 2020 | Direct Payment | $2,004.00 |
| March 13, 2020 | Direct Payment | $2,095.00 |
| March 13, 2020 | Direct Payment | $2,000.00 |
| March 16, 2020 | Direct Payment | $2,000.00 |
| March 17, 2020 | Direct Payment | $2,010.00 |
| March 18, 2020 | Direct Payment | $2,005.00 |
| March 19, 2020 | Direct Payment | $2,185.00 |
| March 23, 2020 | Direct Payment | $2,000.00 |
| April 20, 2020 | Direct Payment | $1,000.00 |
| April 21, 2020 | Direct Payment | $1,000.00 |
| April 22, 2020 | Direct Payment | $1,001.00 |
| April 24, 2020 | Direct Payment | $1,000.00 |
| April 28, 2020 | Direct Payment | $1,049.00 |
| May 6, 2020 | Direct Payment | $1,000.00 |
| | | |
| | TOTAL | $43,350.00 |